CHILDREN'S HOSPITAL, APPELLEE, *v.*
OHIO DEPARTMENT OF PUBLIC WELFARE, APPELLANT.

[Cite as Children's Hospital v. Dept. of Public Welfare (1982), 69 Ohio St. 2d 523.]

(No. 81-357—Decided March 3, 1982.)

524

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Robert E. Leach* and *Mr. James H. Hedden,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Steven L. Gardner,* for appellant.

KRUPANSKY, J.   The judgment of the Court of Appeals is reversed in part and affirmed in part for the reasons set forth herein.

Appellant contends the savings statute was not properly invoked in this case. We agree. The savings statute applies when the original suit and the new action are substantially the same. *Kittredge* v. *Miller* (1896), 12 C.C. 128, 131, affirmed without opinion 56 Ohio St. 779; *Burgoyne* v. *Moore* (1890), 12 C.C. 31, affirmed without opinion 51 Ohio St. 626. The actions are not substantially the same, however, when the parties in the original action and those in the new action are different. *Larwill* v. *Burke* (1900), 19 C.C. 449, affirmed without opinion 66 Ohio St. 683; *National Fire Ins. Co.* v. *Joslyn Mfg. Co.* (1971), 25 Ohio App. 2d 13, 15.

In the case *sub judice,* not only are the parties in the new action before the Court of Claims different from those in the original federal court suit, but the relief sought is also different. Appellee's original suit before the federal district court named the Governor of Ohio, the Director of the Ohio Department of Public Welfare and the Secretary of the United States Department of Health, Education and Welfare as defendants and sought declaratory and injunctive relief. The new action before the Court of Claims named the Ohio Department of Public Welfare as the sole defendant and demanded money damages. To further illustrate the difference between the two actions, it is noteworthy that appellee could not have brought its suit for money damages in the federal court since federal courts are forbidden by the Eleventh Amendment to the United States Constitution from hearing a suit for monetary relief against a state without its consent. See *Edelman* v. *Jordan* (1974), 415 U. S. 651, 663. We hold the saving statute

inapplicable in a case where the parties and relief sought in the new action are different from those in the original action.[4]

A portion of appellee's claim, however, accrued within the two-year limitations period, regardless of the saving statute. Appellee's cause of action for the recovery of $169,866, which it alleges appellant wrongfully withheld, accrued on October 28, 1977, the date appellant made a payment to appellee from which it withheld part of the alleged overpayment. We affirm the Court of Appeals holding that this portion of appellee's claim was timely filed on October 10, 1979 in the Court of Claims.

Appellant argues the claim for recovery of amounts wrongfully withheld accrued on September 20, 1977, when appellant made an entry in its books indicating a portion of the overpayment would be withheld from the next payment made to appellee. Ordinarily, a cause of action does not accrue until actual damage occurs; when one's conduct becomes presently injurious, the statute of limitations begins to run. *State, ex rel. Teamsters Local Union 377*, v. *Youngstown* (1977), 50 Ohio St. 2d 200.[5] The alleged wrongful act of which appellee complains is the withholding of money from payments made to appellee and not the entry made in appellant's books of account on September 20, 1977, which produced no immediate injury or damage to appellee. Appellee's cause of action for recovery of amounts wrongfully withheld, therefore, did not accrue until the money was actually withheld, viz., October 28, 1977. Appellee's filing of this cause of action on October 10, 1979 was well within the two-year statute of limitations.

Insofar as it is consistent with this opinion, the judgment of the Court of Appeals is affirmed. The portion of the Court of Appeals' judgment which held the saving statute applicable in

---

[4] In view of our disposition of this issue, we find it unnecessary to address appellant's argument that the Court of Appeals erred in holding the saving statute applicable to actions in the Court of Claims.

[5] See, also, *Bd. of Edn.* v. *Civil Rights Comm.* (1981), 66 Ohio St. 2d 252, where, in an Ohio Civil Rights case, we held the cause of action for a charge of sexual discrimination in the nonrenewal of public school teachers' limited contracts accrues not when the teachers are informed of their contract non-renewals, but when the teaching contracts actually expire.

*this* case because the actions were substantially the same is reversed.

*Judgment accordingly.*

W. BROWN, SWEENEY, LOCHER and C. BROWN, JJ., concur.

CELEBREZZE, C. J., and HOLMES, J., concur in the judgment.

HOLMES, J., concurring. I concur in the judgment. However, I do so on the basis of my belief that R. C. 2305.19 does not apply to actions brought in the Court of Claims. Rather, these are controlled solely by R. C. 2743.16.