HEILPRIN, APPELLANT, *v.* OHIO STATE UNIVERSITY HOSPITALS OF OHIO STATE UNIVERSITY, APPELLEE.

(No. 85AP-960—Decided April 24, 1986.)

*Spangenberg, Shibley, Traci & Lancione* and *John G. Lancione,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general; *Crabbe, Brown, Jones, Potts & Schmidt, William J. Brown* and *Kevin Kern,* special counsel, for appellee.

MILLIGAN, J. The Ohio Court of Claims granted the defendant's motion for summary judgment and dismissed this malpractice action against Ohio State University Hospitals. The plaintiff appeals, assigning a single error:

"The Court of Claims erred in granting the defendant-appellee's motion for summary judgment."

Plaintiff-appellant, John D. Heilprin, received medical treatment at Ohio State University Hospitals, defendant-appellee herein, on October 15, 17 and 18, 1981. As a result of this treatment, plaintiff filed a medical malpractice suit against Dr. David Roberts and seven other defendants, but not against defendant hospital. This suit was filed in the Franklin County Court of Common Pleas on March 20, 1983. On July 13, 1984, after extensive discovery, the trial court dismissed the action against Dr. Roberts without prejudice, and against the other defendants with prejudice.

On July 27, 1984, plaintiff commenced this action in the Ohio Court of

Claims. Plaintiff brought this suit solely against defendant, alleging negligent diagnosis and treatment. The complaint further alleged that defendant was notified of plaintiff's intention to bring the action within one hundred eighty days of filing an action in the Franklin County Court of Common Pleas, pursuant to R.C. 2305.11(A). The complaint also alleged that:

"* * * Said cause was dismissed otherwise than on the merits on July 13, 1984. This action is commenced pursuant to Ohio Revised Code 2305.19."

On August 22, 1984, plaintiff filed a "STATEMENT OF THE EXISTENCE OF CONNECTED ACTIONS, REQUIRED BY L.C.C.R. [Local Rules of the Court of Claims] 15(C)," asserting that there were no cases connected to this pending case in any other court, bureau, board, commission or agency.

Following an answer containing thirteen defenses, including the statute of limitations, failure to comply with R.C. 2305.19 and 2307.42(B), *res judicata* and collateral estoppel, the defendant filed its motion for summary judgment. The motion alleged that defendant is entitled to judgment as a matter of law for the reason that the statute of limitations expired and the matter is *res judicata*.

The parties agree that, if the plaintiff cannot claim favor of R.C. 2305.19, then the summary judgment was properly granted.

The springboard by which plaintiff claims that his otherwise tardy cause of action is saved is the Franklin County Court of Common Pleas case wherein plaintiff sued eight defendants. The defendants in that case included six doctors, one of whom was Dr. David Roberts. The common pleas court case was filed March 20, 1983.

The allegations of medical malpractice in the common pleas court case are virtually identical to the allegations of the complaint in the Court of Claims case. Both allege treatment on October 15, 17 and 18, 1981.

Defendant Ohio State University Hospitals was not a party to the common pleas court proceedings. David E. Roberts, M.D., was a party. In the case *sub judice,* however, David E. Roberts, M.D., is not a party, while Ohio State University Hospitals is a party.

On July 13, 1984, David E. Roberts, M.D., was dismissed as a party by judgment of the Franklin County Court of Common Pleas, with a finding that "this dismissal being otherwise than on the merits."

There is a genuine dispute as to whether David E. Roberts, M.D., was an employee or agent of defendant hospital in October 1981.

Proceedings in the Court of Claims, R.C. 2743.02 *et seq.,* are clearly subject to the savings provisions of R.C. 2305.19. *Children's Hospital* v. *Dept. of Public Welfare* (1982), 69 Ohio St. 2d 523, 525, 23 O.O. 3d 452, 453, 433 N.E. 2d 187, 189. As relevant, R.C. 2305.19 provides:

"In an action commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

In its summary judgment order, the Court of Claims stated:

"* * * In pursuing his claim, plaintiff had a choice of defendants as is evidenced by his filing suits originally against seven [*sic*] named defendants. One of these defendants was Dr. Roberts. None of these defendants was the Ohio State University Hospitals, the defendant in the pending action. Nor did the common pleas court ever obtain jurisdiction over Ohio State University Hospitals. Plaintiff chose to sue Dr. Roberts as an individual rather than sue the hospital. As this was a legal decision

and not a case of mistaken identity or deception by the defendant, plaintiff must bear the consequences of his decision. Plaintiff asserts that by suing Dr. Roberts, the agent of the hospital, he preserved his cause of action against the principal, the hospital. Yet no authority is cited to support this proposition."

In *Children's Hospital, surpa,* the Ohio Supreme Court held that, in order for the savings statute to apply, the original suit and the new action must be substantially the same, noting. that, "[t]he actions are not substantially the same, however, when the parties in the original action and those in the new action are different." *Id.* at 525, 23 O.O. 3d at 453, 433 N.E. 2d at 189. Thus, the savings statute does not preserve the plaintiff's cause of action, and the suit in the Court of Claims was not timely filed.

We agree, and overrule the sole assignment of error upon the authority of *Children's Hospital, supra.*

The judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.

MILLIGAN, J., of the Fifth Appellate District, sitting by assignment in the Tenth Appellate District.

WHITESIDE, J., concurring. This case demonstrates the dilemma faced by a plaintiff who has been injured by the negligence of a person who may or may not be a state employee acting within the scope of his employment.

If the plaintiff initially assumes that the person is not a state employee and commences an action against such person in common pleas court, which court subsequently dismisses the action upon the basis that such person is a state employee and, thus, immune from liability under the authority of R.C. 9.86, the plaintiff will be barred from bringing an action against the state in the Court of Claims if the statute of limitations has run in the interim by virtue of our holding herein that the savings statute, R.C. 2305.19, does not apply.

The Court of Claims stated that plaintiff had a choice of defendants. This is erroneous. Plaintiff had no choice of defendants. If Dr. Roberts be a state employee, plaintiff's only choice is to sue the state of Ohio in the Court of Claims. If Dr. Roberts is not a state employee, plaintiff's only choice is to sue him in common pleas court.

If plaintiff had instead elected to bring his first action in the Court of Claims, he could not have joined Dr. Roberts since R.C. 2743.02(E) provides that the state is the only permissible defendant in an original action in the Court of Claims, and R.C. 2743.02(A) provides that bringing an action in the Court of Claims waives any claim against any state officer or employee. Accordingly, had plaintiff commenced his first action in the Court of Claims and that court had dismissed the action upon the basis that Dr. Roberts was not a state employee, plaintiff would be barred from bringing an action against Dr. Roberts in the common pleas court if the statute of limitations had run in the interim by application of the holding herein that R.C. 2305.19 does not apply.

Plaintiff did not have a choice of defendants but, rather, was required to make an election to proceed either on the basis that Dr. Roberts was a state employee (in which case the state is the only possible defendant) or was not a state employee (in which case Dr. Roberts is the only possible defendant).

Nevertheless, I concur in the opinion and judgment to the extent that it holds that *Children's Hospital* v. *Dept. of Public Welfare* (1982), 69 Ohio St. 2d 523, 23 O.O. 3d 452, 433 N.E. 2d 187, is controlling and binding upon this court.