99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lolita Rana GARCIA; Feliciano Garcia, Plaintiffs-Appellants,
v.
CITY OF OAKWOOD; Michael Kelly, Public Safety Director and
Police Chief of the City of Oakwood, Ohio; E.
Bailey, Patrolman, Oakwood Police
Department, Defendants-Appellees.
 No. 95-4012.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1996.
 
 Before: KENNEDY, DAUGHTREY, and WEIS*, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the District Court's order dismissing their complaint which alleged violations of 42 U.S.C. § 1983 and state law. The District Court found that the statute of limitations barred plaintiffs' federal claims, and it declined to exercise supplemental jurisdiction over plaintiffs' state law claims. For the following reasons, we AFFIRM.
 
 I. Facts
 
 2
 On January 15, 1993, Lolita Rana Garcia filed a complaint in state court against two of the defendants in this action, the City of Oakwood (City) and Patrolman E. Baily, as well as against an unknown "John Doe." Garcia alleged that (1) on August 28, 1991, Baily falsely and maliciously charged her with the crime of cruelty to animals in violation of a local ordinance; (2) on January 16, 1992, the state court dismissed the case against her, with prejudice, upon the request of the prosecution; (3) as a result of the false arrest and malicious prosecution, she endured mental distress; and (4) the publicity surrounding the prosecution caused mental anguish and injured her standing as a physician in the community. Garcia sought compensatory and punitive damages as well as attorney's fees and costs.
 
 
 3
 Garcia voluntarily dismissed the state action, although there appears to be some confusion over the particular dates on which the dismissal occurred. Defendants submitted to the District Court a file stamped document purporting to dismiss the action against the City on April 26, 1993. However, plaintiffs submitted to the court a collection of documents which had been certified by the Montgomery County Clerk of Courts as constituting the entirety of the file in Garcia's state action, and the April 26 dismissal of the City was not in those records. Nevertheless, on August 23, 1993, the record shows that Garcia voluntarily dismissed the entire action.
 
 
 4
 On August 16, 1994, Garcia and her husband filed a complaint in federal court asserting causes of action under 42 U.S.C. § 1983 and state law. The complaint named as defendants the City, Michael Kelly, both as Director of Public Safety and as Police Chief, Patrolman E. Bailey,[1] and 1-5 "John Does." In a section of the complaint entitled "Introductory Statement," plaintiffs asserted that defendants had "harassed [them] and, among other things, have unlawfully denied to them certain rights and privileges including but not limited to building permits" because of their race and national origin. In the section entitled "Factual Allegations," plaintiffs alleged that (1) "[o]n or about August 28, 1991," the City and Bailey falsely charged Garcia with the crime of cruelty to animals; (2) "on January 16, 1992" the state court dismissed the action against Garcia; (3) as a result of this false arrest and malicious prosecution, Garcia suffered various damages, including damages resulting from the media publicity regarding the arrest and prosecution; (4) Garcia's husband suffered various damages because of the false arrest and malicious prosecution of Garcia; and (5) defendant Bailey's actions were fostered and proximately caused by the failure of defendants City and Kelly to properly establish police procedure and properly implement and supervise the same.
 
 
 5
 After filing their answer, defendants filed a motion for judgment on the pleadings, pursuant to FED.R.CIV.P. 12(b) and (c), on all claims asserted by plaintiffs. The District Court dismissed the entire action on August 18, 1995. The court first determined that the § 1983 cause of action was barred because none of the events in question had occurred within two years of the filing of the federal action. The court then rejected plaintiffs' reliance on the Ohio Savings Statute, OHIO REV.CODE ANN. § 2305.19 (Anderson 1995), because it found that the statute of limitations for the § 1983 actions had not expired when the prior state court action was dismissed, a requirement if the action was to be saved. Accordingly, the court dismissed with prejudice plaintiffs' federal cause of action. In addition, the District Court dismissed without prejudice the state law claims, declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367.
 
 
 6
 On September 15, 1995, plaintiffs filed a timely notice of appeal. On November 24, 1995, plaintiffs filed a motion for relief from judgment pursuant to FED.R.CIV.P. 60 and to amend pleadings pursuant to FED.R.CIV.P. 15(a). As an exhibit, they attached a proposed first amended complaint in which they made additional factual allegations. The record shows that the District Court did not consider this motion.
 
 II. Discussion
 A. Dismissal of § 1983
 Cause of Action
 1. Standard of Review
 
 7
 FED.R.CIV.P. 12(h)(2) provides that a Rule 12(b)(6) defense of failure to state a claim upon which relief can be granted can be raised after an answer has been filed by a motion for judgment on the pleadings pursuant to Rule 12(c). See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir.1987). Where a Rule 12(b)(6) defense is raised pursuant to a 12(c) motion, we must apply the standard for a Rule 12(b)(6) motion in reviewing the district court's decision. Id.
 
 
 8
 Under Rule 12(b)(6), a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The complaint must be construed in the light most favorable to plaintiff, and its well-pleaded facts must be accepted as true. Morgan, 829 F.2d at 12. However, we need not accept as true legal conclusions or unwarranted factual inferences. Id.
 
 
 9
 2. Alleged False Arrest and Malicious Prosecution
 
 
 10
 Plaintiffs contend that the District Court erred in granting defendants' motion to dismiss because the court failed to resolve all issues in their favor, failed to liberally construe the complaint, and misapplied Ohio's savings statute. We agree with defendants that the statute of limitations bars plaintiffs' action under § 1983.
 
 
 11
 Because FED.R.CIV.P. 9(f) makes allegations of time material,[2] a complaint can be dismissed pursuant to Rule 12(b)(6) as barred by the applicable statute of limitations when the statement of a claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief. Ott v. Midland-Ross Corp., 523 F.2d 1367, 1369 (6th Cir.1975). " '[A]lthough Rule 9(f) apparently was designed simply to require a higher level of information in the pleadings, the federal courts have employed the rule as a screening device for time-barred claims....' " Hoover v. Langston Equip. Assocs., Inc., 958 F.2d 742, 744 (6th Cir.1992) (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1308, at 695 (West 1990)).
 
 
 12
 The statute of limitations for § 1983 civil rights actions arising in Ohio is contained in OHIO REV.CODE ANN § 2305.10 (Anderson 1995), which requires that actions for bodily injury be filed within two years after their accrual. LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1105 (6th Cir.1995). A cause of action accrues under § 1983 when the plaintiff knows or had reason to know of the injury which is the basis of the action. See Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991). However, this Circuit has adopted the view that, at least in cases where the face of the complaint discloses a failure to file within the time allowed, the plaintiff may come forward with allegations explaining why the statute of limitations should be tolled. Hoover, 958 F.2d at 744.
 
 
 13
 Here, the face of plaintiffs' complaint discloses a failure to file their § 1983 action based on the alleged false arrest and malicious prosecution within the time allowed. The latest possible triggering event, according to plaintiffs' factual allegations, occurred on January 16, 1992, which means that plaintiffs would have had to file a complaint on or before January 16, 1994. This matter was commenced on August 23, 1994. Thus, plaintiffs failed to bring their § 1983 cause of action within two years.
 
 
 14
 Plaintiffs assert, however, that these claims are saved under OHIO REV.CODE ANN. § 2305.19 (Anderson 1995), which would provide, if properly invoked, an additional year from the date of the voluntary dismissal of the prior state court proceeding within which the filing of this action would be timely.[3] Four criteria must be met for this provision to apply: (1) the action must have been commenced or attempted to be commenced within the applicable period of limitations; (2) the failure of the plaintiff in the action was otherwise than upon the merits; (3) at the date of such failure, the time limit for commencing the action had expired; and (4) the plaintiff refiled the action within one year of such failure. Harris v. City of Canton, 725 F.2d 371, 375 (6th Cir.1984). Furthermore, this provision applies only if the original action and the subsequent action are "substantially the same." See Children's Hosp. v. Ohio Dep't of Pub. Welfare, 433 N.E.2d 187, 189 (Ohio 1982). "The actions are not substantially the same ... when the parties in the original action and those in the new action are different." Id.
 
 
 15
 Focusing on the false arrest and malicious prosecution allegations, the complaint shows that the earliest possible triggering event occurred on August 28, 1991, when Garcia was charged with cruelty to animals. The statute of limitations would not have expired on an action based on this incident until two years later, on August 28, 1993. The entire state court proceeding was dismissed on August 23, 1993, five days prior to the earliest possible date of expiration of the § 1983 statute of limitations.[4] Therefore, at the time of the dismissal of the state action, the statute of limitations on Garcia's federal cause of action based on the alleged false arrest and malicious prosecution could not have expired. In addition, the federal and state actions involved different defendants and plaintiffs.[5] Accordingly, Ohio's savings provision does not apply.
 
 
 16
 In sum, plaintiffs' § 1983 cause of action based on the false charge and malicious prosecution allegations is barred by the statute of limitations, and plaintiffs have failed to demonstrate any tolling of the limitation period.
 
 
 17
 3. Alleged Building Permit Denial and Allegations on Appeal
 
 
 18
 Plaintiffs further maintain that the District Court erroneously construed their complaint as alleging only the false arrest and malicious prosecution claims. They point out that in the Introductory Statement of their complaint they also alleged that defendants have "among other things ... unlawfully denied them certain rights and privileges, including but not limited to building permits." In addition, in their brief on appeal and in their proposed amended complaint, plaintiffs assert numerous additional factual allegations to support their claim that defendants have violated their constitutional rights. These new factual allegations were not included in either the state or the federal complaints, and plaintiffs did not mention these facts to the District Court.
 
 
 19
 First, we need not decide whether plaintiffs, in stating the alleged building permit denial in their "Introductory Statement," complied with pleading requirements under FED.R.CIV.P. 8(a), because plaintiffs admitted in their proposed amended complaint that these building permits involve a time frame prior to the cruelty to animals charge. We have already determined that the latter claim is barred by the statute of limitations. Therefore, even though we do not know the exact date on which the building permit incident occurred, any action based on such incident would have to be barred by the statute of limitations. Furthermore, such a claim could not be "saved" under OHIO REV.CODE ANN. § 2305.19 (Anderson 1995), because the state and federal actions are not "substantially the same." See Children's Hosp., 433 N.E.2d at 189. The complaint filed in state court did not mention an alleged building permit denial nor any facts to support a claim based on alleged building permit denials, and the state action involved different parties. Thus, an action based on this allegation would be barred by the statute of limitations and could not be saved by Ohio's savings provision.[6]
 
 
 20
 Second, with regard to the allegations raised for the first time on appeal,[7] plaintiffs seek to rely on Seventh Circuit case law which holds that when reviewing Rule 12(b)(6) motions to dismiss, an appellate court will consider new factual allegations that were not raised before the District Court as long as they are not inconsistent with the complaint. See e.g., Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 439-40 (7th Cir.1994). Regardless of whether we agree with the Seventh Circuit that this approach is proper, we decline to follow it here because plaintiffs' new factual allegations are inconsistent with their complaint. Broadly speaking, one could argue that the allegations are consistent with plaintiffs' claim that their constitutional rights have been violated. On its face, however, the complaint asserts a claim under § 1983 on the grounds of false charge and malicious prosecution only. The additional facts plaintiffs now assert constitute entirely new alleged violations of their rights, and as such they cannot save plaintiffs' complaint from dismissal.
 
 B. Dismissal of State Claims
 
 21
 We review a district court's decision whether to exercise supplemental jurisdiction for an abuse of discretion. Soliday v. Miami County, 55 F.2d 1158, 1164 (6th Cir.1995). Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction for a number of reasons. "[G]enerally, 'if the federal claims are dismissed before trial ... the state claims should be dismissed as well.' " Landefeld v. Marion Gen. Hosp., Inc., 994 F.2d 1178, 1182 (6th Cir.1993) (quoting Taylor v. First of Am. Bank-Wayne, 973 F.2d 1284, 1287 (6th Cir.1992)).
 
 
 22
 Here, the District Court found that there were complex issues of state law present, see 28 U.S.C. § 1367(c)(1), and that this case constituted an "exceptional circumstance," id. § 1367(c)(4), because of the incongruities regarding the exact dismissal dates of the state court action. Furthermore, the court had dismissed the federal claims. See id. § 1367(c)(3). We cannot say that the District Court "committed a clear error of judgment," Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989), and thus we find no abuse of discretion.
 
 III.
 
 23
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 Patrolman Bailey's name is spelled differently on the state and federal complaints
 
 
 [2]
 Rule 9(f) provides: "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." FED.R.CIV.P. 9(f)
 
 
 [3]
 Section 2305.19 provides in pertinent part:
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise that upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff ... may commence a new action within one year after such date.
 OHIO REV.CODE ANN. § 2305.19 (Anderson 1995).
 
 
 [4]
 Even if we accept that the state action against the City was dismissed on April 26, 1993, the federal action against the City would not be saved under § 2305.19, because the statute of limitations would not have expired until four months later on August 28, 1993
 
 
 [5]
 Plaintiffs contend that the same defendants were sued in both actions because in the state action, the "City of Oakwood c/o City Manager" was listed as a defendant while in the federal action, Michael Kelly, who is the City Manager, was listed as a defendant. However, the City Manager was not sued individually in the state action and the reference to the City Manager seems to have been merely for mailing purposes. In contrast, the federal action was expressly brought against the City as well as Michael Kelly, individually and in his official capacity
 
 
 [6]
 While the complaint did state "but not limited to" building permit denials, the factual allegations only mentioned the false charge and malicious prosecution claims, suggesting that these were the only other denials to which plaintiffs were referring
 
 
 [7]
 Although plaintiffs submitted a proposed amended complaint to the District Court, the court could not consider it because plaintiffs had already filed a timely notice of appeal. See Lewis v. Alexander, 987 F.2d 392, 395 (6th Cir.1993). However, we will address plaintiffs' argument that we should consider these new facts on appeal to determine the propriety of the dismissal