## GOODWIN

v.

## OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

Court of Claims of Ohio.

No. 94–11354.

Decided Feb. 13, 1997.

*Suzanne M. Stasiewicz,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Michael J. Valentine,* Assistant Attorney General, for defendant.

BETTIS, Judge.

On March 1, 1995, the court sustained a motion for judgment on the pleadings, pursuant to Civ.R. 12(C), and dismissed plaintiff's claim finding that it was barred by the applicable statute of limitations. On September 21, 1995, the Franklin County Court of Appeals reversed the judgment of this court and remanded the case for further proceedings in accordance with the law consistent with its decision.

On August 5, 1996, the court conducted a trial in this matter on the issues of liability and damages. The court finds that the facts noted in this decision have been established by a preponderance of the evidence.

Plaintiff, Sandra Goodwin, had been employed by the Union County Memorial Hospital from February 1987 to September 1988. On September 12, 1988, plaintiff accepted employment with defendant, Ohio Department of Rehabilitation and Correction.

Plaintiff's complaint against defendant alleges promissory estoppel, breach of contract and fraud. Plaintiff alleges that she accepted employment with defendant and resigned her employment with Union County, only after being told that her years of service with Union County would transfer to her employment with defendant and that she would accordingly receive the benefits associated with such service.

On or about November 8, 1988, plaintiff was informed by defendant's personnel department that she would not be receiving service credit for her employment with Union County and, therefore, she would not receive compensation and other benefits associated with longer service, such as seniority rights and vacation leave. At the end of her six-month probationary period in April 1989, plaintiff was to receive her first pay increase. Defendant recalculated plaintiff's years of service and she did not receive an increase in pay based on her prior years of service.

■ Pursuant to the remand order of the Franklin County Court of Appeals, the court will first address the issue of whether plaintiff's claims are barred by R.C. 2743.16(A), the applicable statute of limitations.

R.C. 2743.16 reads in pertinent part that "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

In addressing this case previously, the court of appeals noted that, "in this case, the cause of action did not accrue until actual damage arose, which occurred when the Department of Rehabilitation recalculated appellant's years of service."

*Goodwin v. Ohio Dept. of Rehab. & Corr.* (Sept. 19, 1995), Franklin App. No. 95API03–393, unreported, 1995 WL 559950.

The court of appeals further provided a benchmark as to when plaintiff's actual injury would have occurred, stating: "Although not apparent from the pleadings, during oral argument, appellant's counsel indicated that after her ninety-day [*sic,* six-month] probationary period ended, appellant would have received an increase in pay based upon longevity and/or professional achievement levels. When she did not receive her increase in pay, actual injury would have occurred." *Goodwin* at 3960. The court of appeals analogized this case to *Children's Hosp. v. Ohio Dept. of Pub. Welfare* (1982), 69 Ohio St.2d 523, 23 O.O.3d 452, 433 N.E.2d 187. In *Children's Hospital,* the Supreme Court determined that the cause of action arose when the actual injury occurred, which was when the Department of Public Welfare actually withheld portions of alleged overpayments from later payments.

Accordingly, plaintiff's injury would have occurred in April 1989, when she did not receive her pay increase based on years of service. Therefore, plaintiff's cause of action arose in April 1989; her complaint was not filed until September 9, 1994, nearly three and one-half years later. Consequently, plaintiff failed to meet the time limitation set forth in R.C. 2743.16. Accordingly, plaintiff's claims are barred by R.C. 2743.16.

█ Assuming, *arguendo,* that plaintiff is not barred by the statute of limitations, the court of claims does not have subject matter jurisdiction over plaintiff's claims. Plaintiff was a member of the District 1199 Ohio Health Care Employees Union that represented defendant's employees pursuant to a collective bargaining agreement. As a member of the union, plaintiff was governed by the grievance procedure in the collective bargaining agreement between defendant and the union, which provided for final and binding arbitration.

The Office of Collective Bargaining evaluated plaintiff's claim and concluded that plaintiff was entitled to receive service credit for the purpose of longevity; however, she was not entitled to count prior service for the purpose of vacation or seniority. In February 1994, plaintiff was paid her back wages associated with the supplemental longevity pay in the amount of $6,554.24. Plaintiff, however, did not avail herself of the appeal process provided for in the collective bargaining agreement.

R.C. Chapter 4117 establishes a framework for the resolution of public sector labor disputes by creating procedures and remedies for the vindication of those rights. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87. "R.C. 4117.10(A) provides that if a collective bargaining agreement provides for a final and binding arbitration of grievances, public employers, employees and employee

organizations are subject solely to that grievance procedure." *Blair v. Milford Exempted Village School Dist. Bd. of Edn.* (1989), 62 Ohio App.3d 424, 434, 575 N.E.2d 1190, 1197. Therefore, if a party asserts claims that arise from or depend upon the collective bargaining rights created by R.C. Chapter 4114, the remedies provided in that chapter are exclusive. *Franklin Cty. Law Enforcement Assn., supra.* The Franklin County Court of Appeals addressed this issue in *Moore v. Youngstown State Univ.* (1989), 63 Ohio App.3d 238, 242, 578 N.E.2d 536, 538, stating that "[s]ince R.C. Chapter 4117 creates and defines the rights of public employees with respect to collective bargaining, the provision in R.C. 4117.09 for the maintenance of the instant suit vests jurisdiction of such actions in the courts of common pleas alone."

The court finds that because plaintiff's rights were dependent upon the framework established in R.C. Chapter 4117, plaintiff was limited to the remedies and procedures provided in that chapter, and the court of claims is accordingly without jurisdiction to decide matters that are subject solely to a final and binding grievance procedure.

Based upon the reasons contained herein, plaintiff's claims of promissory estoppel, breach of contract and fraud are found to be without merit, and judgment shall be rendered for defendant.

*Judgment for defendant.*

J. WARREN BETTIS, J., retired, of the Columbiana County Court of Common Pleas, sitting by assignment.