For the following reasons, I respectfully dissent from the decision of the majority in this instance. I believe that the trial court properly granted the motion to dismiss plaintiff-appellant's claim of defamation based upon the expiration of the applicable statute of limitations and properly granted the summary judgment motion of defendants-appellees on plaintiff-appellant's remaining claims of malicious prosecution and abuse of process. Accordingly, I would affirm the judgment of the trial court in its entirety.
In the case herein, plaintiff-appellant's original complaint was filed on May 1, 1996. The complaint allegedly arose out of an incident that occurred on February 18, 1996. The original complaint was voluntarily dismissed on August 5, 1997. The complaint was re-filed on November 26, 1997. On May 13, 1998, an amended complaint was filed in which plaintiff-appellant set forth a defamation claim for the first time. Clearly, the defamation claim was filed well after the expiration of the one-year statute of limitations as set forth in R.C. 2305.11(A), but arguably within the time period for re-filings set forth in Ohio's savings statute, R.C. 2305.19. In order to determine if the savings statute applies to the amended complaint, the original complaint must be reviewed in order to ascertain whether the subsequent defamation claim asserted in the amended complaint is substantially similar to claims asserted in the original complaint. See Children's Hosp. v. Dept. of PublicWelfare (1982), 69 Ohio St.2d 523, 525, 433 N.E.2d 187; Jonesv. St. Anthony Medical Center (Feb. 20, 1996), Franklin App. No. 95APE08-1014, unreported; Vercellotti v. HVC-Daly, Inc.
(Dec. 5, 1997), Lucas App. No. L-97-1063, unreported.
However, in the underlying matter plaintiff-appellant's original complaint is not part of the appellate record, therefore, it is difficult, if not impossible, to accurately determine whether the claims set forth in the amended complaint were substantially similar to those set forth in the original complaint. I do not believe that one may merely assume, as the majority seems to contend, that the original complaint included language that would ultimately permit the filing of the defamation claim after the expiration of the one-year statute of limitations. Rather, I believe that this court must apply the presumption of regularity to the record below and conclude that the trial court properly granted defendants-appellees' motion to dismiss plaintiff-appellant's defamation claim based upon the expiration of the one-year statute of limitations. Hartt v.Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617, 621; Nicholsv. Gabehart (June 21, 1999), Lawrence App. No. 98CA22, unreported at 2.
A further review of the record demonstrates that the trial court properly entered summary judgment in favor of defendants-appellees on plaintiff-appellant's malicious prosecution and abuse of process claims. It is undisputed that plaintiff-appellant was never arrested or prosecuted for any of her alleged actions at the Grand Slam Grille on February 18, 1996. Rather, plaintiff-appellant was arrested for assaulting a police officer who was investigating the incident at the Grand Slam Grille. Clearly, plaintiff-appellant's assault constituted an intervening voluntary act for which defendants-appellees should not be held responsible. The mere fact that a dispute existed between defendants-appellees and plaintiff-appellant for which defendants-appellees choose to involve the police does not satisfy the elements of either malicious prosecution or abuse of discretion in this matter.
For the foregoing reasons, I believe the trial court properly dismissed plaintiff-appellant's claim of defamation and properly entered summary judgment on plaintiff-appellant's remaining claims of malicious prosecution and abuse of process. Accordingly, I would affirm the judgment of the trial court.