{¶ 88} Respectfully, I dissent from the majority opinion. While I concur with the majority's understanding of the pertinent facts in the case at bar, I do not agree with the majority's failure to follow this court's precedent applying the Ohio's savings statute, R.C. 2305.19, to those facts.
{¶ 89} I accept as correct the majority's analysis of the applicable statutes of limitations on the City's various contract and tort claims. I also agree that as of September 10, 1999, when the city's second case (No. 391217)[14] was filed, the statute of limitations on all of its C-5 and requirements contract claims[15] had expired pursuant to each of the respective limitations periods. The narrow issue that remains to be decided is whether those claims were saved when it added them by amending the original complaint in Case No. 391217 on October 19, 1999. I disagree with the majority's answer to this question because neither the statute nor this court's own precedent support that decision.
{¶ 90} Under R.C. 2305.19, the savings statute, a timely refiled claim relates back to the original filing if certain requirements are satisfied. The savings statute provides in pertinent part:
 {¶ 91} In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date.
{¶ 92} The Ohio Supreme Court has stated the savings statute applies when the original suit and the new action are substantially the same." Children's Hosp. v. Ohio Dept. of Public Welfare (1982),69 Ohio St.2d 523, 525, 433 N.E.2d 187. This court relied upon this principle in Rios v. Grand Slam Grille, (Nov. 18, 1999), Cuyahoga App. No. 75150, 1999 Ohio App. LEXIS 5448, a case that applied the savings statute to a set of facts similar to those in the case at bar.
{¶ 93} Rios involved a plaintiff whose first complaint alleged injuries arising from an incident on February 18, 1996. The one-count complaint, alleging malicious prosecution and other "grievous wrongs," was filed on May 1, 1996. Plaintiff voluntarily dismissed the complaint otherwise than upon the merits on August 5, 1997, after the one-year statute of limitations period had expired.
{¶ 94} Thereafter, plaintiff filed a second case on November 26, 1997, which included the same malicious prosecution claim along with a new claim for abuse of process. Then, on May 13, 1998, plaintiff amended the complaint and added other claims for defamation and loss of consortium, all relating to the events of February 18, 1996.
{¶ 95} Defendants filed a motion to dismiss plaintiff's defamation claim arguing it was barred by the one-year statute of limitations. The trial court granted the motion and plaintiff appealed.
{¶ 96} On appeal, this court first determined that "plaintiff's defamation claim in her amended complaint plainly arose out of the `same conduct transaction or occurrence' which transpired on February 18, 1996." Next, the court determined that the newly-added defamation claim was "substantially the same" as the claim for "grievous wrongs" listed in the first complaint. The court concluded, therefore, under Civ.R. 15(C), the "defamation claim contained in her amended complaint relates back to her refiled complaint." This court then determined that plaintiff's defamation claim was "timely filed and saved by the savings statute." In doing so, this court stated:
 {¶ 97} Plaintiff's original complaint was filed on May 1, 1996 and the one-year statute of limitations period for her defamation claim expired on February 18, 1997. However, plaintiff did not assert her defamation claim until May 13, 1998, in her amended complaint.
 * * * {¶ 98} We find that the defamation claim [in] plaintiff's amended complaint was "substantially the same" as the claims set forth in her original complaint.
 * * * {¶ 99} Accordingly, in keeping with our duty to construe the savings statute liberally, we conclude that where, as here, the claims made and the relief sought are substantially similar and the named defendants are the same in each complaint, the savings statute should apply to plaintiff's defamation claim.
{¶ 100}In the case at bar, Rios, supra, constitutes precedent that this court should follow. As in Rios, supra, the City's C-5 and requirements contracts claims relate back under the savings statute to the first complaint, filed on February 14, 1997. The City's C-5 and requirements claims added by amendment to the second case's complaint are more than "substantially the same" as the claims set forth in the original complaint; they are identical. The parties are also the same, although fewer. The original included the city's claims relating to the C-5, C-9, and requirements contracts, against The Leader Electric Supply Co., Wesco Distribution, Inc, Norpac, Thomasson, Cahaba, Olon Belcher, OMG, OMGA, McCallum, A.W. Williams, Mooney Chemical, Electrical Equipment, R.W. Beck, Polytech, Beck/Polytech, GCNA, F.A. Tucker, and L.E. Meyers.[16] The claims in the amendment are against Thomasson, Olon Belcher, and Wesco. After the amendment, the second case included the city's same claims relating to the C-5, C-9, and requirements contracts and named Norpac, Cahaba, OMG, OMGA, Thomasson, Olon Belcher, Wesco, and Leader, all of whom were named as defendants in the original complaint. Thus the amendment met the test enunciated first by the Supreme Court and then followed in Rios, supra. In that case this court explained how the statute is to be applied:
 {¶ 101} It is established in Ohio that R.C. 2305.19, being a remedial statute, should be construed liberally so that cases may be decided upon their merits rather than on technical ities of procedure. Cero Realty Co. v. American Mfgrs. Mut. Ins. Co. (1960), 171 Ohio St. 82, 167 N.E.2d 774, syllabus; Kavouras v. Hurt, 1992 Ohio App. LEXIS 2279 (April 30, 1992), Cuyahoga App. No. 60427, unreported. Furthermore, a complaint is to be similarly construed as "the rules make clear that a pleader is not bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief." Illinois Controls, Inc. v. Langham
(1994), 70 Ohio St.3d 512, 526, 639 N.E.2d 771, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 102, Section 5.01.
{¶ 102} This court should not abandon the principles enunciated inRios. This court reiterated this same rule in Crawford v. Medina Gen.Hosp. (Aug. 20, 1997), Cuyahoga App. No. C.A. NO. 2604-M, 1997 Ohio App. LEXIS 3744, in which we stated, in pertinent part:
 {¶ 103} In keeping with our duty to construe the savings statute liberally, we conclude that where, as here, the claims made and the relief sought are substantially similar, then to the extent the named defendants are the same in each complaint, the savings statute should apply.
{¶ 104} See Driscoll v. Navistar International (June 28, 1995), Clark App. No. 94-CA-84, 1995 Ohio App. LEXIS 2753.
{¶ 105} I also find the majority's reliance upon the decision inRoof v. Elias (Apr. 11, 1997), Lucas App. No. L-96-207, 1997 Ohio App. LEXIS 1404, misplaced. The Roof case is distinguishable from the case at bar because it involved plaintiff's dismissal of all parties and claims. After the dismissal, and without refiling a new action, plaintiff erroneously attempted to amend the complaint that had already been dismissed.
{¶ 106} In the case at bar, at the time of the City's amendment, it had already filed a second and new action, namely, case no. 391217. The fact that the City's amendment occurred in an existing case is a material difference from the situation in Roof, supra.
{¶ 107} Accordingly, in keeping with our duty to construe the savings statute liberally, and this court's prior decisions, I would affirm the judgment of the trial court in accepting the amendment to the new complaint as satisfying the savings statute. Thus the C-5 and requirements claims would survive.
[14] The City's first case (No. 330472) was filed on February 14, 1997.
[15] However, the statute of limitations on the City's UCC claims on the seventy-one poles shipped after September 10, 1995 and its fraud claims against OMG and OMGA had not expired. These claims are the basis of a separate third case.
[16] Norpac was dismissed without prejudice on December 10, 1997 whereas Meyers, Tucker, and GCNA were dismissed as a result of settlement.