This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Nick Ralich has appealed from an order of the Summit County Court of Common Pleas that granted summary judgment in favor of Appellee Carl E. Meador. This Court affirms.
 I
In January 2000, Appellant filed a complaint ("first complaint") in the Summit County Court of Common Pleas naming attorney Thomas J. Lowery as the sole defendant. The first complaint alleged that Lowery had committed malpractice during the course of his representation of Appellant in a previous, unrelated matter. On October 17, 2000, Appellant voluntarily dismissed the first complaint pursuant to Civ.R. 41(A).
Several months later, Appellant filed another complaint ("second complaint") against Lowery and Appellee attorney Carl E. Meador. The caption of Appellant's second complaint stated "THIS IS A RE-FILED CASE." The second complaint re-alleged that Lowery had committed malpractice in representing Appellant, and also claimed that Lowery and Meador were engaged in a legal practice partnership. The second complaint further alleged that as a partner in Lowery's firm, Meador was vicariously liable for any acts, omissions, and errors committed by Lowery during his representation of Appellant.[1]
Lowery and Meador filed separate answers denying the material allegations of Appellant's second complaint. Meador thereafter filed a motion for summary judgment, arguing that the action was barred as to him by the applicable statute of limitations because Appellant failed to name him in the first, voluntarily dismissed complaint. Meador also attached to his motion for summary judgment an affidavit stating that he "was not partners with [Lowery] and never entered into a partnership agreement with him[,]" and that the only arrangement he had with Lowery was an office share arrangement. Appellant responded in opposition to Meador's motion, arguing that the action was not time barred and that a genuine issue of fact existed as to whether Meador and Lowery were partners.
The trial court granted Meador's motion for summary judgment, concluding in its order that the statute of limitations had run on Appellant's action as to Meador and that nothing in the record supported Appellant's allegation that Meador and Lowery were partners. The trial court subsequently amended its order nunc pro tunc to state: "There is no just cause to delay the appeal of this matter and a final appealable order exists pursuant to Civ.R. 54(B)." Appellant has timely appealed from that order, asserting two assignments of error.
 I
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 Assignment of Error Number One THE TRIAL COURT COMMITTED REVERSIBLE ERROR, AS A MATTER OF LAW AND TO THE PREJUDICE OF THE APPELLANT, BY GRANTING SUMMARY JUDGMENT TO [MEADOR] ON THE BASIS THAT THE APPELLANT'S CLAIMS WERE TIME BARRED.
In his first assignment of error, Appellant has argued that the trial court erred in concluding that his action against Meador was barred by the applicable statute of limitations. Appellant has contended that the operation of the one-year savings provision at R.C. 2305.19 preserved his claim as to Lowery, and the alleged partnership between Lowery and Meador caused the second complaint to relate back to the initial claim against Lowery. Consequently, Appellant has argued, the claim against Meador is subject to the same one-year savings provision applicable to his claim against Lowery.
The statute of limitations governing legal malpractice claims is set forth at R.C. 2305.11(A): "An action * * * for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim * * * shall be commenced within one year after the cause of action accrued[.]" Under Ohio law:
 "[A]n action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." (Citation omitted.) Zimmie v. Calfee, Halter and Griswold (1989), 43 Ohio St.3d 54, syllabus.
In the case sub judice, the attorney-client relationship between Appellant and Lowery terminated on or about October 20, 1998. Appellant concluded on July 8, 1999, that conduct by Lowery constituting malpractice had damaged him. Pursuant to R.C. 2305.11(A) and Zimmie, therefore, Appellant was required to commence an action against Lowery for legal malpractice within one year of the later of these dates — or by July 8, 2000.
Appellant's first complaint, filed against Lowery in January 2000, complied with the one-year statute of limitations. Appellant voluntarily dismissed the first complaint on October 17, 2000. Pursuant to R.C.2305.19, Appellant had one year from the date of dismissal to commence a new action — or until October 17, 2001. Appellant's second complaint, filed on June 2, 2001, complied with the time limitations of the R.C. 2305.19 savings provision.
However, Appellant's second complaint named as party defendants both Lowery and Meador, whereas the first complaint named only Lowery. Appellant's cause of action against Meador is therefore barred by the applicable statute of limitations, unless Appellant can establish that the one-year savings statute preserved his claim against Meador even though Meador was not named as a party in the first complaint.
With respect to the applicability of R.C. 2305.19 to parties not named in the original complaint, the Ohio Supreme Court has stated: "The savings statute applies when the original suit and the new action are substantially the same. The actions are not substantially the same, however, when the parties in the original action and those in the new action are different." (Citations omitted.) Children's Hospital v. Dept.of Public Welfare (1982), 69 Ohio St.2d 523, 525.
Appellant has argued that Children's Hospital and its progeny do not apply to the case at bar because Appellant has alleged that Lowery and Meador were "partner[s] in a legal association." Appellant has asserted that each partner in an association of lawyers is vicariously and personally liable for the acts of malpractice committed by another, and "the form of the association is of no consequence." According to Appellant, Meador's alleged status as an equity holder in Lowery's firm caused the addition of Meador in the second complaint to relate back to the first complaint filed against Lowery. As a result, Appellant has contended, his claim against Meador is preserved by the savings provision at R.C. 2305.19.
This Court is unpersuaded that Appellant's allegation that a business relationship existed between Meador and Lowery obviates the determination in Children's Hospital that actions which name different parties are not "substantially the same" for purposes of applying the savings statute. InHeilprin v. Ohio State University Hospitals (1986), 31 Ohio App.3d 35, the appellant sued a Dr. Roberts and several other doctors for malpractice, and the trial court dismissed the claims. The appellant re-filed his action in the Court of Claims against The Ohio State University Hospital. The Tenth District Court of Appeals determined that there was a genuine issue as to whether Dr. Roberts was an employee or agent of the hospital at the time of the alleged malpractice. Nevertheless, the court rejected the appellant's claim that his suit against Dr. Roberts entitled him to the benefit of the savings statute as to his claim against the hospital, where the hospital was not named in the original complaint. Appellant has attempted to distinguish Heilprin
by pointing to his allegation that Meador was in a partnership with Lowery and is jointly and severally liable for any malpractice committed by Lowery during their partnership. However, Appellant's allegation of vicarious liability is insufficient to invoke the savings statute with respect to Meador, who was not named as a defendant in the first complaint. Accordingly, Children's Hospital and Heilprin are controlling on the facts before us with respect to the applicability of the savings statute. Appellant's first assignment of error is not well taken.
 Assignment of Error Number Two THE TRIAL COURT ERRED, AS A MATTER OF LAW AND TO THE PREJUDICE OF THE APPELLANT, BY FINDING THAT [LOWERY AND MEADOR] WERE NOT PARTNERS AND GRANTING SUMMARY JUDGMENT THAT [SIC] BASIS.
Based upon our disposition of Appellant's first assignment of error, the second assignment of error is moot. See App.R. 12(A)(1)(c).
 III
Appellant's first assignment of error is overruled; the second assignment of error is moot. The judgment of the trial court is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.
[1] As to Meador, the second complaint alleged only vicarious liability for Lowery's conduct; no claim was made that Meador committed malpractice directly through any acts or omissions with respect to Appellant.