[Cite as *Hines v. Univ. of Akron*, 2013-Ohio-4853.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VINCE HINES

     Plaintiff

     v.

UNIVERSITY OF AKRON

     Defendant

Case No. 2011-11009

Judge Patrick M. McGrath
Magistrate Robert Van Schoyck

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On April 12, 2013, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). With leave of court, plaintiff filed a response on May 6, 2013. On May 8, 2013, defendant filed a motion for leave to file a reply, which is GRANTED instanter. On May 16, 2013, plaintiff filed a motion for leave to file an opposing affidavit; however, inasmuch as Civ.R. 56(C) provides that opposing affidavits may be filed at any time prior to the day of hearing, which in this case had been set for May 20, 2013, leave of court was not necessary and the motion is thus DENIED as moot. On May 20, 2013, plaintiff filed a motion for leave to file a supplemental response, which is GRANTED instanter.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as

stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} Plaintiff brings this action for negligence arising out of an automobile accident that occurred in the city of Columbus on March 19, 2008. Plaintiff alleges that he sustained injuries when a vehicle driven by Wassel AlBodour collided with the vehicle in which he was a passenger. Plaintiff alleges, and defendant admits, that AlBodour was an employee of defendant and was acting within the course and scope of his employment at the time of the accident.

{¶ 5} In its motion for summary judgment, defendant asserts that plaintiff's claim is barred by the applicable statute of limitations, R.C. 2743.16(A).

{¶ 6} R.C. 2743.16(A) states:

{¶ 7} "Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

{¶ 8} Plaintiff commenced this action on September 12, 2011, more than two years after the accident. Plaintiff asserts, however, that the action is rendered timely by operation of the saving statute, R.C. 2305.19.

{¶ 9} R.C. 2305.19(A) states, in part:

{¶ 10} "In any action that is commenced or attempted to be commenced, if in due time * * * the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the * * * failure otherwise than

upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."

{¶ 11} "R.C. 2305.19 will 'save' a re-filed action that would otherwise be barred by a statute of limitations when the requirements of the rule have been satisfied, and 'when the original suit and the new action are substantially the same.'" *Carl L. Brown, Inc. v. Lincoln Natl. Life Ins.*, 10th Dist. No. 02AP-225, 2003-Ohio-2577, ¶ 41, quoting *Children's Hosp. v. Ohio Dept. of Pub. Welfare*, 69 Ohio St.2d 523, 525 (1982); *see also Heilprin v. Ohio State Univ. Hosps.*, 31 Ohio App.3d 35 (10th Dist.1986). "The actions are not substantially the same, however, when the parties in the original action and those in the new action are different." *Children's Hosp.* at 525.

{¶ 12} It is undisputed that on March 17, 2010, plaintiff commenced an action arising from the accident in the Franklin County Common Pleas Court, naming as defendants the driver of the vehicle in which he was a passenger, the owner of that vehicle, AlBodour, AlBodour's personal insurer, and "John/Jane Doe Insurance Company." On August 19, 2010, an assistant attorney general, appearing on AlBodour's behalf, filed a motion to dismiss under Civ.R. 12(B)(1), arguing that the common pleas court lacked jurisdiction to the extent that AlBodour was acting within the scope of his employment with defendant at the time of the accident and had not been determined by the court of claims to be personally liable pursuant to R.C. 2743.02(F) and 9.86. Before any ruling was made on that motion, plaintiff voluntarily dismissed the action without prejudice on September 14, 2010, pursuant to Civ.R. 41(A)(1)(a).

{¶ 13} When plaintiff commenced the present action in this court on September 12, 2011, the University of Akron, which had not been a party to the original action, was named as a party defendant. (The complaint also named AlBodour, the driver of the vehicle in which he was a passenger, and the owner of that vehicle as defendants, but these individuals were dismissed in a pre-screening entry on the basis that, pursuant to R.C. 2743.02(E), the only defendant in original actions in the court of claims is the state.)

{¶ 14} Upon review, the only reasonable conclusion to be drawn is that because the University of Akron was not a party to the original action in the common pleas court, the action before this court is not "substantially similar" for purposes of R.C. 2305.19(A). Therefore, R.C. 2305.19(A) does not operate to save plaintiff's claim, which was filed outside the applicable statute of limitations.  Although plaintiff argues that the limitations period should have been tolled inasmuch as he did not know of AlBodour's status as a state employee until the filing of the August 19, 2010 motion to dismiss, there is no evidence that such information had been concealed from plaintiff or was otherwise undiscoverable.  "[A] plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations."  *Luft v. Perry Cty. Lumber & Supply Co.*, 10th Dist. No. 02AP-559, 2003-Ohio-2305, ¶ 58.

{¶ 15} Accordingly, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.  Therefore, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  All previously scheduled events are VACATED.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

David J. Betras                                    Velda K. Hofacker
6630 Seville Drive #1                              Assistant Attorney General
Canfield, Ohio 44406                               150 East Gay Street, 18th Floor
                                                   Columbus, Ohio 43215-3130

001
Filed June 7, 2013

To S.C. Reporter October 31, 2013