**MONNIN, Admr., Appellant,**

v.

**LARGER CONSTRUCTION COMPANY, Appellee.**

[Cite as *Monnin v. Larger Constr. Co.* (1995), 102 Ohio App.3d 228.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–94–30.

Decided March 29, 1995.

*John A. Poppe,* for appellant.

*John A. Cumming,* for appellee.

SHAW, Judge.

Plaintiff-appellant, Sharon J. Monnin, Administrator of the Estate of Lawrence J. Monnin, appeals from the judgment of the Common Pleas Court of Shelby County dismissing her amended complaint against the defendant-appellee, Larger Construction Company, Inc. ("Larger").

In February 1994, the appellant filed a complaint against Larger. Pursuant to Civ.R. 12(B)(6), Larger filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Larger contended that the complaint failed to meet the heightened pleading requirements of *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753. Appellant filed a memorandum contra requesting the court to deny Larger's motion or, in the alternative, to grant appellant leave to amend her complaint. In its July 5, 1994 entry, the trial court noted that appellant's complaint failed to set forth sufficient allegations as required by *Mitchell, supra,* and granted the appellant leave to file an amended complaint.

In August 1994, the appellant filed an amended complaint against Larger alleging that while employed by Larger, Mr. Monnin fell from a roof on which he was installing roofing materials and sustained fatal injuries. Appellant further alleged, in pertinent part, as follows:

"5. Lawrence Monnin had previously fallen approximately seventeen (17) feet from a building in September, 1989 while working for Larger Construction causing him to injure his back and miss six (6) months of work. Larger Construction failed to provide fall protection equipment before and after the 1989 fall and continued to require decedent to work under unsafe conditions.

"6. Defendant knew that the metal sheeting decedent was installing was covered by a coat of oil by the manufacturer as stated in the Material Data Safety Sheets provided with the sheeting. Defendant knew or should have known that this oil coating virtually assured that workers walking on the sheeting twenty-one (21) feet from the ground would slip on the surface.

"7. Defendant further knew of the dangers of steel construction and the safety procedures required to prevent accidents because a Larger Construction Manager had attended a seminar on steel erection and associated fall hazards * * *. The information and instructions provided at the seminar were not implemented at Larger Construction nor disseminated to the employees.

" * * *

"9. Defendant knew, based upon previous accidents, the slippery condition of the metal sheeting and the instruction and training that it had received shortly before decedent's fall, that injury to an employee resulting from a fall was certain or substantially certain to result from Defendant's intentional decision of not providing safety equipment to workers installing roofing materials."

Appellant's second claim, brought for the benefit of the surviving spouse and children, was also based upon the above facts. Appellant's third claim asserts that under Larger's contract with the owner of the premises, whereby Mr. Monnin was a third party beneficiary, Larger breached its duty to Mr. Monnin.

Larger filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on the basis that the amended complaint failed to state a claim upon which relief can be granted. Larger sought dismissal of the first and second claims of the amended complaint on the basis of *Mitchell, supra.* Larger further claimed that as a complying employer with Ohio workers' compensation laws, it was immune pursuant to R.C. 4123.74 from the breach of contract and negligence claims contained in the third claim asserted against it.

As to the appellant's first and second claims, the trial court found that the intentional tort allegations failed to meet the pleading requirements of *Mitchell.* The trial court further found that Larger was immune from all claims contained in appellant's third claim by virtue of R.C. 4123.74. The appellant now appeals from the trial court's entry granting Larger's motion to dismiss appellant's amended complaint and asserts that the trial court erred in sustaining Larger's motion.

In *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541, 584 N.E.2d 729, overruled on other grounds *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51, the Ohio Supreme Court recently relied on the pleading requirements of *Mitchell, supra,* for reviewing Civ.R. 12(B)(6) motions on intentional tort claims against employers. See, also, *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565

N.E.2d 584. Specifically, in *Mitchell,* 40 Ohio St.3d 190, 532 N.E.2d 753, the Ohio Supreme held:

"[A] claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and despite this knowledge, still proceeded." *Id.* at 193, 532 N.E.2d at 756.

When construing the complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true. *Tulloh, supra,* 62 Ohio St.3d at 544, 584 N.E.2d at 732. Then, before a court may dismiss the complaint, it must appear beyond doubt that the plaintiff can prove no set of facts warranting recovery. *Id.*

Upon reviewing the appellant's amended complaint under the pleading requirements set forth in *Mitchell* and assuming the factual allegations are true, we find that appellant's intentional tort allegations are sufficient to withstand a 12(B)(6) motion to dismiss. Appellant's amended complaint alleges that Larger knew that injury to an employee installing roofing materials was "certain or substantially certain to result" because of previous accidents, its knowledge of the slippery condition of the metal roofing sheets from the material data safety sheets provided with the sheeting, which stated that it was covered by a coat of oil by the manufacturer, and the instruction and training that it had received shortly before Mr. Monnin's fall. As the Ohio Supreme stated in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 118, 570 N.E.2d 1108, 1112, regarding the definition of "substantial certainty" for an intentional tort:

"To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk—something short of substantial certainty—is not intent."

While the appellant states her conclusion that Larger had intentionally failed to provide safety equipment, the foregoing factual allegations support that conclu-

sion. All evidence supporting those allegations need not be filed with the complaint. *Tulloh, supra,* 62 Ohio St.3d at 544–545, 584 N.E.2d at 732–733.

Accordingly, we hold that the trial court erred in granting Larger's Civ.R. 12(B)(6) motion to dismiss the appellant's first and second claims for failure to state an intentional tort. We reach, however, a different conclusion as to the appellant's third claim. We find that the trial court was correct in dismissing the appellant's third claim pursuant to R.C. 4123.74. That statute provides, in relevant part, as follows:

"Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition * * * whether or not * * * compensable under [R.C. Chapter 4123]."

While there are certain exceptions to the exclusivity of R.C. 4123.74, such as claims based upon the intentional conduct of the employer, the dual-capacity doctrine, and sexual harassment, we agree with the trial court that the appellant's third claim is barred by that statute.

To the above extent, the appellant's assignment of error is well taken. We therefore reverse the judgment of the trial court regarding the first and second claims and affirm its judgment regarding the third claim.

*Judgment reversed in part,*
*affirmed in part*
*and cause remanded.*

THOMAS F. BRYANT, J., concurs.

EVANS, J., concurs in part and dissents in part.

EVANS, Judge, concurring in part and dissenting in part.

I concur with the judgment of the majority affirming the trial court's dismissal of appellant's third claim, on the basis of the relevant workers' compensation law. However, I respectfully dissent from the majority in reversing the trial court's dismissal of the claims based upon intentional tort, because the cause of action alleged by the appellant fails to meet the standard established by the Supreme Court in *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753, and *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584. The Supreme Court in *Byrd* reiterated the *Mitchell* standard for pleading an intentional tort claim against an employer as a "heightened standard of pleading" wherein a plaintiff must set forth "certain facts with particularity" which clearly support the

complaint's allegations of intent. I do not find appellant's allegations against appellee to be thus supported.

In paragraph 5 of the complaint appellant alleges that the decedent had previously fallen from a building while working for the appellee and that appellee failed to provide fall-protective equipment before and after that fall. In my opinion that paragraph contributes nothing to appellant's cause of action. The fact that the decedent fell in 1989 means nothing unless the fall can be connected to the same type of work that was being performed when he was killed. Only then could it be construed to mean that the employer was on notice about the hazards connected with the work. Moreover, appellant failed to even suggest that *any* incidents had occurred in appellee's construction operation which would put appellee on notice that the decedent's accident was substantially certain to occur.

In paragraph 6 of the complaint appellant alleges that the roofing material being installed was covered with oil. This is a fact which we are required to accept as true while considering a Civ.R. 12(B)(6) motion. The rest of this paragraph, however, recites a conclusion that this oil coating virtually assured that workers walking on the sheeting would slip on this oil and fall. This is merely an unsupported conclusion. Missing from this paragraph is a factual allegation that the workers were required to walk on the oil-coated sheeting to complete the installation. See *Youngbird v. Whirlpool Corp.* (1994), 99 Ohio App.3d 740, 746, 651 N.E.2d 1314, 1317.

As the court noted in *Mitchell,* even if the employer failed to equip its employees with safety devices or failed to provide its employees with safety training, "it does not follow that [the employer] knew that injury to its employees was certain, or substantially certain, to result." *Mitchell,* 40 Ohio St.3d at 192–193, 532 N.E.2d at 755–756. Furthermore, the assertion of the simple fact that a particular type of work is dangerous is never enough to establish the employer's knowledge in an intentional tort claim. As the Supreme Court has stated, the purposes of the Workers' Compensation Act must not be "circumvented simply because a known risk later blossoms into reality." *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 116, 522 N.E.2d 489, 504. As further noted by the court:

"There are many acts within the business or manufacturing process which involve the existence of dangers, where management fails to take corrective action, institute safety measures, or properly warn the employees of the risks involved. Such conduct may be characterized as gross negligence or wantonness on the part of the employer. However, in view of the overall purposes of our Workers' Compensation Act, such conduct should not be classified as an "intentional tort" and therefore an exception, under *Blankenship* [*v. Cincinnati Mila-*

*cron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 433 N.E.2d 572] or *Jones [v. VIP Dev. Co.* (1984), 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046] to the exclusivity of the Act." *Id.,* 36 Ohio St.3d at 117, 522 N.E.2d at 504.

In paragraph 7 of the complaint appellant alleges that appellee knew of the dangers involved in steel construction and the safety procedures required because a manager of the appellee had attended a seminar on this subject. Again I find this paragraph adds nothing to appellant's cause of action. Without some allegation that the seminar discussed the same type of construction in which the decedent was involved at the time of the accident, this allegation is meaningless.

In paragraph 9 of the complaint appellant alleges that appellee knew that injury was certain to occur for three reasons. First, there had been a previous fall. Second, the metal sheeting was coated with oil. Third, appellee's manager had attended a seminar on steel construction and safety procedures. As I have pointed out above, these three allegations are not substantiated by specific, supporting facts relevant to the fall which caused the death of appellant's decedent. Appellant's amended complaint contains only the unsupported assertions that the defendant knew the metal sheeting used on the job was slippery, that previous accidents of some type had occurred, that the defendant had received some type of safety training, and that the defendant had failed to provide safety equipment for its workers installing roofing materials.

As previously noted, even "gross negligence" or "wantonness" on the part of an employer in failing to supply safety equipment is not sufficient to show intent. See *Van Fossen,* 36 Ohio St.3d at 117, 522 N.E.2d at 504. Accordingly, a claimant must allege "facts which *show the employer's actual knowledge of the situation, even to survive a motion to dismiss on the pleadings.* See, generally, *Mitchell [supra]*." (Emphasis added.) *Youngbird v. Whirlpool Corp.* (1994), 99 Ohio App.3d 740, 746, 651 N.E.2d 1314, 1317 (citing *Fyffe v. Jeno's, Inc.* [1991], 59 Ohio St.3d 115, 570 N.E.2d 1108).

This leaves appellant's allegation that the roofing material was covered with oil as the only allegation which survives the Civ.R. 12(B)(6) motion. Thus, I conclude that the complaint fails to set forth a valid claim of intentional tort.

For the foregoing reasons, I would find that the complaint in question does not withstand a Civ.R. 12(B)(6) motion. As stated by the court in *Mitchell,* "[u]nsupported conclusions that [an employer] committed an intentional tort are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion. * * * Virtually every injury in the workplace can be made the basis for a claim of intentional tort if the unsupported conclusion that the employer intended to injure the employee is allowed to prevail over factual allegations which preclude the possibility of intentional tort. We do not serve the interest of employees, employers or the administration of justice in the already over-

docketed courts of Ohio if we permit claims to go forward which, on the face of the pleading, have no chance of success." *Id.*, 40 Ohio St.3d at 193, 532 N.E.2d at 756.

I would affirm the judgment of the trial court dismissing the intentional tort claim against appellee.