STONE et al., Appellants,

v.

NORTH STAR STEEL COMPANY et al., Appellees.*

[Cite as *Stone v. N. Star Steel Co.*, 152 Ohio App.3d 29, 2003-Ohio-1223.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02 CA 109.

Decided March 14, 2003.

---

* Reporters Note:  An appeal to the Supreme Court of Ohio is pending in case No. 2003-0649.

30

Michael Rossi, for appellants.

Kim Hastings and Jonathan Wilbur, for appellees.

VUKOVICH, Judge.

{¶ 1}  Plaintiff-appellant Scott Stone appeals from the judgment of the Mahoning County Common Pleas Court dismissing his complaint against defendants-appellees North Star Steel Company ("North Star") and Mastership Corporation ("Mastership").  This court is asked to decide three issues.  First, this court must decide whether an employer intentional tort cause of action is substantially similar to a negligence cause of action for purposes of the saving statute.  Second, we must decide whether R.C. 4123.74, a workers' compensation statute, bars a third-party-beneficiary contract claim.  Last, this court is asked to determine whether Stone raised an actionable negligence cause of action against Mastership.  For the reasons stated below, the judgment of the trial court is affirmed in part, reversed in part, and remanded.

## FACTS

{¶ 2}  Mastership is a professional employer organization that hires and places workers at the work sites of various clients.  North Star is one of Mastership's clients.  Stone interviewed with both North Star and Mastership and was placed as a millwright at North Star.  On February 10, 2000, Stone was injured on the job.  Stone allegedly fell through an unguarded furnace platform and sustained injuries.

{¶ 3}  On June 29, 2000, Stone filed a cause of action against North Star that sounded in negligence ("*Stone I*").  Stone later amended the complaint, naming Mastership as an additional defendant and an intentional tort cause of action against Mastership.  On January 24, 2002, Stone moved to amend his complaint

for the second time. The effect of the second amended complaint was to transpose the causes of action. Stone wished to allege an intentional tort cause of action against North Star and a negligence cause of action against Mastership. Stone also wished to add a third-party-beneficiary contract claim against North Star.

{¶ 4} On February 25, 2002, before the trial court had the opportunity to rule on the motion to amend the complaint, Stone voluntarily dismissed the complaint pursuant to Civ.R. 41. On that same day, Stone filed another action against North Star and Mastership, ("*Stone II*"). This complaint alleged that North Star committed an intentional tort and breached a contract and that Mastership was liable for negligence. In effect, this complaint did exactly what the second amended complaint would have done. In response to the complaint, North Star and Mastership filed motions to dismiss based on Civ.R. 12(B)(6).

{¶ 5} The trial court held that the intentional tort claim was barred by the statute of limitations and that the saving clause, R.C. 2305.19, did not apply. The trial court held that a third-party-beneficiary contract claim was barred by the immunity provided in R.C. 4123.74, the workers' compensation statute. Additionally, the trial court held that the negligence claims asserted against Mastership failed to show a cause of actionable negligence. The complaint was dismissed. Stone timely appeals.

## ASSIGNMENT OF ERROR

{¶ 6} Stone raises one assignment of error, which contends:

{¶ 7} "The trial court erred in granting defendant-appellees' motions to dismiss in its 5/30/02 judgment entry."

{¶ 8} An appellate court reviews a motion to dismiss de novo. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 230, 551 N.E.2d 981. Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *In Defense of Deer v. Cleveland Metroparks* (2000), 138 Ohio App.3d 153, 160, 740 N.E.2d 714, citing *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In reviewing the complaint, the court must presume that all factual allegations contained in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753.

{¶ 9} Stone argues three issues under this assignment of error. First, Stone argues that the saving statute is applicable to the intentional tort cause of action against North Star. Next, Stone argues that a viable cause of action for breach

of contract as a third-party beneficiary of the contract exists against North Star. Last, Stone argues that the complaint filed on February 25, 2002, raises an actionable negligence cause of action against Mastership. Each of these arguments will be addressed separately.

## SAVING STATUTE AND STATUTE OF LIMITATIONS

{¶ 10} Affirmative defenses, such as statute of limitations, are generally not properly raised in a Civ.R. 12(B)(6) motion because they usually require reference to material outside the complaint. *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 518, 620 N.E.2d 152. However, an exception to the general rule exists when the bar is apparent from the face of the complaint. Id.

{¶ 11} The employer intentional tort claim raised against North Star in the *Stone II* complaint has a statute of limitations of two years. *Funk v. Rent–All Mart, Inc.* (2001), 91 Ohio St.3d 78, 742 N.E.2d 127. Stone was injured on February 10, 2000. Two years from that date is February 10, 2002. However, the *Stone II* complaint alleging the employer intentional tort against North Star was not filed until February 25, 2002. Stone's cause of action is clearly outside the statute of limitations. However, since *Stone I* was voluntarily dismissed on February 25, 2002, and refiled as *Stone II* on the same day, R.C. 2305.19, the saving statute, may apply.

{¶ 12} The saving statute states:

{¶ 13} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date." R.C. 2305.19.

{¶ 14} R.C. 2305.19 applies to save a plaintiff's action otherwise barred by the statute of limitations "when the original suit and the new action are substantially the same." *Children's Hosp. v. Ohio Dept. of Public Welfare* (1982), 69 Ohio St.2d 523, 525, 23 O.O.3d 452, 433 N.E.2d 187. The saving statute "does not apply when the parties and relief sought in the new action are different from those in the original action." Id. at 523, 23 O.O.3d 452, 433 N.E.2d 187, paragraph one of the syllabus (filing the first cause of action in federal court seeking injunctive relief is not substantially the same as the second cause of action that was filed in state court and sought monetary relief). The question this court must answer is whether *Stone II* is "substantially the same" as *Stone I*.

{¶ 15} A new complaint is substantially the same as the original complaint for purposes of the saving statute when the new complaint differs only to the extent that it adds new recovery theories based upon the same factual occurrences stated in the original complaint. *Lanthorn v. Cincinnati Ins. Co.*, 4th Dist. No 02CA743, 2002-Ohio-6798, 2002 WL 31768796, ¶ 27; *Vercellotti v. HVC–Daly, Inc.* (Dec. 5, 1997), 6th Dist. No. L–97–1063, 1997 WL 770964; *Jones v. St. Anthony Med. Ctr.* (Feb 20, 1996), 10th Dist. No. 95APE08–1014, 1996 WL 70997; *Andrews v. Scott Pontiac Cadillac GMC, Inc.* (June 2, 1989), 6th Dist. No. S–88–37. When determining whether the new complaint and the original complaint are substantially the same, a court must determine whether the allegations in the first action gave the defendant fair notice of the type of claims asserted in the second action. *Lanthorn*, supra; *Carrier v. Weisheimer Cos., Inc.* (Feb. 22, 1996), 10th Dist. No. 95APE04–488, 1996 WL 76317. As a matter of policy, the saving statute is to be liberally construed so that controversies are decided upon important substantive questions rather than upon technicalities of procedure. *Kinney v. Ohio Dept. of Adm. Serv.* (1986), 30 Ohio App.3d 123, 126, 30 OBR 240, 507 N.E.2d 402.

{¶ 16} Stone argues that the *Stone I* and *Stone II* complaints, in regard to the intentional tort claim, are substantially the same. North Star argues that the complaints are not substantially the same. North Star's argument centers on the fact that in *Stone I*, the cause of action against North Star was negligence, not an employer intentional tort.

{¶ 17} We acknowledge that there are distinctions between an employer intentional tort claim and a claim of negligence. *Gibson v. Drainage Products, Inc.*, 95 Ohio St.3d 171, 2002-Ohio-2008, 766 N.E.2d 982, ¶ 28–29; *Hannah v. Dayton Power & Light Co.* (1998), 82 Ohio St.3d 482, 487, 696 N.E.2d 1044; *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108; *Sanek v. Duracote Corp.* (1989), 43 Ohio St.3d 169, 172, 539 N.E.2d 1114. An employer intentional tort requires the employee to prove three factors. *Fyffe*, syllabus. First, the employee must prove that the employer had knowledge of the existence of a dangerous process, procedure, instrumentality, or condition within its business operation. Id. Second, the employer must have knowledge that if the employee is subjected by the employment to such dangerous process, procedure, instrumentality, or condition, then harm to the employee will be a substantial certainty. Id. Third, the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Id. The substantial-certainty standard in employer intentional tort cause of action is "a significantly higher standard than even gross negligence or wantonness." *Zink v. Owens–Corning Fiberglas Corp.* (1989), 65 Ohio App.3d

637, 584 N.E.2d 1303. Clearly, an employer intentional tort requires more than just a showing of negligence.

{¶ 18} However, the difference between the two causes of action does not automatically mean that the saving statute is inapplicable. When a plaintiff pleads negligence in the first complaint, but later pleads willful and wanton misconduct in the second complaint the saving statute is applicable. *Cavin v. Smith* (Aug. 24, 2001), 4th Dist. No. 01CA5, 2001 WL 994117. In making this holding, the Fourth District Court of Appeals drew an analogy between Civ.R. 15(C), Relation Back of Amendments to Pleadings, and R.C. 2305.19, the saving statute. The court stated that the amendment of a negligence complaint with the addition of allegations of willful or intentional misconduct relates back for purposes of applying the statute of limitations. Id., citing *Cohen v. Bucey* (1952), 158 Ohio St. 159, 48 O.O. 93, 107 N.E.2d 333. Since it was not considered a new cause of action for the purposes of applying the statute of limitations, it would not be considered a new cause of action for purposes of the saving statute. *Cavin,* supra. Therefore, the higher standard required by one cause of action over another cause of action does not necessarily mean that the saving statute is inapplicable, especially when the factual occurrences raised in the original complaint put the parties on notice of the type of claim asserted in the second complaint.

{¶ 19} In the case at hand, the factual occurrences alleged in both complaints are similar, i.e., the date of the injury, North Star's failing to maintain a safe work environment by use of safety devices, and due to failure to have a safe work environment Stone was injured. The only difference is recovery theories. Despite the differences between the two recovery theories, the allegations of negligence in the original complaint put the parties on notice of the employer intentional tort claim in the *Stone II* complaint.

{¶ 20} Given the above law and the liberal construction of the saving statute, we hold that *Stone II* is substantially the same as *Stone I.* The saving statute is applicable. The trial court erred by holding otherwise.

## THIRD–PARTY–BENEFICIARY BREACH OF CONTRACT

{¶ 21} Stone claims that immunity conferred by R.C. 4123.35 does not bar his breach-of-contract claim as a third-party beneficiary of the contract between North Star and Mastership. We disagree.

{¶ 22} Previously, the Third District Court of Appeals has addressed the issue of whether the workers' compensation laws bar breach-of-contract claims. *Monnin v. Larger Constr. Co.* (1995), 102 Ohio App.3d 228, 232, 656 N.E.2d 1348. In *Monnin,* the breach-of-contract claim was a third-party-beneficiary claim, as it

is in the case at hand. Monnin's estate asserted that there was a contract between Monnin's employer and the owner of the premises where Monnin was employed, and Monnin was a third-party beneficiary of this contract. Monnin claimed that his employer breached the contract. The employer asserted that he was immune from liability because he was a "complying employer" as defined by R.C. 4123.74. The trial court and the appellate court agreed that the third-party-beneficiary contract claim was barred by statute. Id.

{¶ 23} Despite Stone's request that this court decline to follow the *Monnin* decision, we follow it because we find the logic and reasoning in *Monnin* to be persuasive. R.C. 4123.74 states that only employers who comply with R.C. 4123.35 are immune from liability. One who exercises day-to-day control over the employee is considered as the employer for purposes of workers' compensation. *Foran v. Fisher Foods, Inc.* (1985), 17 Ohio St.3d 193, 194, 17 OBR 430, 478 N.E.2d 998; *Daniels v. MacGregor Co.* (1965), 2 Ohio St.2d 89, 31 O.O.2d 141, 206 N.E.2d 554. Even when another company supplies the workers and pays for the required workers' compensation insurance, the employer who controls the manner and means of performing the work is considered an employer for purposes of workers' compensation. *Foran*, supra.

{¶ 24} The contract between Mastership and North Star states that Mastership will provide personnel to North Star but that North Star will be responsible for general supervision and direction of employees. Paragraph V(A). The contract further provides that North Star is the primary employer and controls the work environment. Contract Personnel Division, paragraphs 1 and 8. Therefore, North Star is a complying employer under R.C. 4123.35 and is immune from contract liability.

{¶ 25} Additionally, Stone contends that the contract between Mastership and North Star states that North Star must have a comprehensive general liability insurance policy for insuring itself against bodily injury and property damage liability caused by its premises operations. Paragraph V(I). The policy was to include a blanket contractual liability and personal injury liability coverage. Paragraph V(I). Stone argues that this would not have been contracted for if the workers' compensation laws precluded contract claims against the employer.

{¶ 26} Whether or not Mastership and North Star contracted to carry contractual and personal injury liability coverage does not affect the outcome. North Star is a complying employer and therefore is immune from contract liability under the workers' compensation statute. The trial court did not err in holding that this cause of action was barred. Stone's argument is meritless.

## NEGLIGENCE

{¶ 27} Stone argues that Mastership owes a duty to him pursuant to the contract between Mastership and North Star. Granted, a duty can arise by contract. However, the party claiming that duty must be either a party or privy to the contract. 70 Ohio Jurisprudence 3d (1986) 60, Negligence, Section 18. Here, Stone is not a party to the contract, but he is privy to it. The contract between Mastership and North Star states that North Star will cooperate with Mastership's Ohio workers' compensation responsibilities and liability insurance carrier, who shall have the right to inspect North Star's work locations, if requested. Paragraph V(E). Stone argues that this language means that Mastership had a duty to send its liability insurance carrier to inspect Stone's working conditions at North Star. Stone argues that Mastership breached this duty and it was foreseeable that the injuries would result.

{¶ 28} Construing the facts in the light most favorable to Stone, it appears that Mastership owes a duty of reasonable care to Stone. However, the existence of that duty evaporates because the violation of that duty is negligence that is barred by the workers' compensation laws. Mastership is the complying employer under the workers' compensation laws. There can be coemployers that are protected under the workers' compensation statutes. *Carr v. Cent. Printing Co.* (Oct. 13, 2000), 2d Dist. No. 18281, 2000 WL 1513914. The Ohio Supreme Court has held that "the entity which controls the manner or means of performing the work is *also* the 'employer' of the employee regardless of whether that entity paid" the workers' compensation premium. (Emphasis added.) *State ex rel. Newman v. Indus. Comm.* (1997), 77 Ohio St.3d 271, 273, 673 N.E.2d 1301, citing *Daniels*, 2 Ohio St.2d 89, 31 O.O.2d 141, 206 N.E.2d 554. The use of the word "also" indicates that there can be more than one employer for purposes of workers' compensation.

{¶ 29} Furthermore, the policy considerations behind workers' compensation support the proposition that there can be coemployers shielded from common-law liability. If one company provides employees and pays for workers' compensation premiums and the other company has the day-to-day control over the employees and reimburses the other company for workers' compensation, both are considered the employers. *Carr*, supra. If one of the companies is not considered an employer under the workers' compensation laws, the employee will get double compensation. Id. The employee will get his or her "certain and speedy recovery" through the workers' compensation program from the employer and still be able to sue based on negligence against the other company that is not considered the employer. Given all of the above law and policy considerations, the trial court was correct; there is no actionable negligence cause of action against Mastership. Stone's argument is meritless.

{¶ 30} For the reasons stated above, the decision of the trial court is hereby affirmed in part, reversed in part, and remanded. The trial court correctly determined that the contract claim asserted by Stone against North Star was barred by the workers' compensation laws. Furthermore, the trial court correctly concluded that an actionable negligence cause of action was not asserted against Mastership. However, the trial court erred in holding that the saving statute was inapplicable to the intentional tort cause of action asserted in the *Stone II* complaint. The saving statute applies to the intentional tort cause of action asserted against North Star in the *Stone II* complaint. Accordingly, the case should proceed on that cause of action.

Judgment reversed in part.

WAITE, P.J., and DeGENARO, J., concur.