[Cite as *Renforth v. Staff Right Personnel Serv., L.L.C.*, 2021-Ohio-2335.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

ANTHONY J. RENFORTH,

Plaintiff-Appellant,

v.

STAFF RIGHT PERSONNEL SERVICES, LLC, et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0007**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2019 CV 598

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Patrick J. Moro*, Heller, Maas, Moro & Magill, Co., L.P.A., 54 Westchester Drive, Suite 10, Youngstown, Ohio 44503, for Plaintiff-Appellant Anthony J. Renforth

*Atty. Elizabeth A Crosby*, Buckely King, 1400 Fifth Third Bank Center, 600 Superior Avenue East, Cleveland Ohio 44114, for Defendant-Appellee Staff Right Personnel Services, LLC

*Atty. Craig Pelini* and *Atty. Kristen Campbell Traub*, Pelini, Campbell & Williams, LLC, 8040 Cleveland Avenue, N.W., Suite 400, North Canton, Ohio 44720, for Defendants-Appellees Custom Blended Soils, Inc., Christopher T. Altiere and David C. Altiere.

Dated: June 30, 2021

---

**WAITE, J.**

{¶1} Appellant Anthony J. Renforth appeals the decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of Appellees, Staff Right Personnel Services, LLC ("Staff Right"); Custom Blended Soils, Inc. ("CBS"); Christopher T. Altiere ("Christopher"); and David C. Altiere ("David") collectively referred to as "Appellees." We conclude that the trial court did not err in granting summary judgment in favor of Appellees, and the decision of the trial court is affirmed.

Factual and Procedural History

{¶2} CBS is a landscaping business located in Boardman, Ohio. Christopher is the primary owner and President of CBS. David is a partial owner and Vice President. Appellant worked as summer help for CBS beginning in 2013 through the date of the incident in 2015. Appellant was hired to work at CBS through Staff Right. Appellant's duties included watering plants, cleaning the parking lot, moving rocks and mulch, splitting wood, and loading customer cars.

{¶3} The following facts are derived from the record, including Appellant's deposition taken during an earlier action filed in 2017. The incident at the heart of this matter involved a gas-powered log splitter owned by CBS. At approximately 4:00 p.m. on June 17, 2015, Appellant arrived at work for CBS. At approximately 5:00 p.m., another CBS adult employee, Joe, was operating the log splitter and Appellant assisted by placing

Case No. 20 MA 0007

logs on the splitter. (Renforth Depo., pp. 41, 54.) After Appellant placed the log on the splitter, Joe hit the press of the splitter causing the log to split and then a third employee would remove the split log from the splitter. At some point, Appellant placed a log on the splitter and Joe hit the press apparently too soon, causing Appellant's left index finger to be partially amputated. (Renforth Depo., p. 55.)

{¶4} Appellant sought medical help and filed a claim with the Ohio Bureau of Workers' Compensation ("BWC") and received medical payments and compensation. Appellant filed a complaint against Appellees on June 19, 2017 alleging: (1) a workplace intentional tort pursuant to R.C. 2745.01; (2) negligence; and (3) negligence *per se.* Appellant subsequently voluntarily dismissed the action. On March 25, 2019, Appellant refiled his complaint, raising the same claims. On April 9, 2019, BWC filed a motion for leave to intervene as a party plaintiff, claiming a subrogation interest pursuant to R.C. 4123.93 and R.C. 4123.931. The trial court granted the motion to intervene on April 17, 2019. On April 17, 2019, BWC filed a complaint pursuant to R.C. 4123.93 and R.C. 4123.931 seeking judgment from Appellees for medical benefits and other compensation paid to Appellant in the amount of $26,676.96, plus the estimated future costs of Appellant's claim.

{¶5} On May 16, 2019, CBS and the Altieres filed a motion for summary judgment. On September 30, 2019, Staff Right also filed a motion for summary judgment. Appellant filed in opposition to CBS and the Altieres' motion on September 30, 2019. Appellant did not oppose Staff Right's motion for summary judgment. On December 10, 2019, the trial court granted both Staff Right's unopposed motion for summary judgment and the CBS/Altieres' motion for summary judgment. The trial court concluded that:

Appellant had failed to raise a genuine issue of material fact that Appellees' conduct fell within the statutory criteria necessary to find an employer committed an intentional tort pursuant to R.C. 2745.01 and that Appellant's workers' compensation claim precluded recovery as to his allegations of negligence and negligence *per se.*

{¶6}   Appellant filed this timely appeal.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶7}   This appeal is from a trial court's decision resolving a motion for summary judgment.  An appellate court conducts a *de novo* review of a trial court's decision to grant summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C).  *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that:  (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party.  *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).  Whether a fact is "material" depends on the substantive law of the claim being litigated.  *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

**{¶8}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. *Id* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.,* 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

**{¶9}** The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

**{¶10}** Although the trial court granted summary judgment to both Staff Right and CBS and the Altieres, Appellant did not oppose Staff Right's summary judgment motion in the trial court and does not raise any arguments relative to Staff Right on appeal. Thus, he has waived this issue on appeal. We will address only the court's decision to grant summary judgment as to CBS and the Altieres.

**{¶11}** Appellant's complaint raises claims of: (1) workplace intentional tort pursuant to R.C. 2745.01; (2) negligence; and (3) negligence *per se.*

<u>R.C. 2745.01</u>

{¶12} As a general rule, under Ohio law, employees are generally limited to remedies provided under the Workers' Compensation Act for injuries sustained in the workplace. R.C. 4123.74. A limited exception exists for intentional tort claims against employers. These are governed by R.C. 2745.01, which provides:

(A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

(B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

(C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

(D) This section does not apply to claims arising during the course of employment involving discrimination, civil rights, retaliation, harassment in violation of Chapter 4112. of the Revised Code, intentional infliction of

emotional distress not compensable under Chapters 4121. and 4123. of the Revised Code, contract, promissory estoppel, or defamation.

**{¶13}** Raising and sustaining an employer intentional tort involves an extremely high threshold. An employee can only recover damages under R.C. 2745.01 if the employer acts "with specific intent to cause an injury." *Houdek v. ThyssenKrupp Materials NA., Inc.,* 134 Ohio St.3d 491, 2012-Ohio-5685, 983 N.E.2d 1253, ¶ 11. Absent an employer's deliberate intent to injure the employee, the employer is not liable under R.C. 2745.01 and the employee's "exclusive remedy is within the workers' compensation system." *Id.* at ¶ 25. As applied in this case, "deliberate" intent has been defined as, " 'characterized by or resulting from careful and thorough consideration-a deliberate decision.' " *Forwerck v. Principle Business Ents., Inc.,* 6th Dist. Wood No. WD-10-040, 2011-Ohio-489, ¶ 21 quoting Merriam-Webster's Collegiate Dictionary (10 Ed.1996) 305.

**{¶14}** R.C. 2745.01, effective April 7, 2005, modified the common law definition of an employer intentional tort by rejecting "the notion that acting with a belief that injury is substantially certain to occur is analogous to wanton misconduct." *Talik v. Fed. Marine Terminals, Inc.,* 117 Ohio St.3d 496, 2008-Ohio-937, 885 N.E.2d 204, ¶ 17. The Ohio Supreme Court confirmed the constitutional validity of R.C. 2745.01 in *Kaminski v. Metal & Wire Prods. Co.,* 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066. In *Kaminski,* the Court concluded that the statute did not eliminate a common-law cause of action for intentional tort but limited such an action to "permit recovery for employer intentional torts only when an employer acts with specific intent to cause an injury, subject to subsections (C) and (D)." *Id.* at ¶ 56. Subsection (C) creates a rebuttable presumption of employer liability when a safety guard is removed by an employer.

{¶15} In his complaint, Appellant alleged that Appellees CBS and the Altieres acted with "deliberate intent and disregarded the substantial certainty that Plaintiff, a minor, would be injured when operating a log-splitter, without proper instruction and contrary to state and federal law." (3/15/19 Complaint, ¶ 16.) The main evidence presented and relied upon by Appellant to establish a claim for intentional tort is that Derrick Hart, a representative of Staff Right, informed CBS just days before the incident that minors were not permitted to operate log splitters because this would violate state and federal child labor laws. Appellant asserts that Appellees acted with deliberate intent when, despite being aware of this prohibition, they proceeded to have Appellant operate the log splitter which resulted in his injury. Pursuant to Appellant's deposition testimony, he was comfortable using the log splitter and never told anyone at CBS that he did not want to use the equipment. He also testified that he did not think his employer deliberately tried to injure him.

Q: Any reason to think that Custom Blended Soils deliberately did something with the purpose to have any of its employees get hurt?

A: No.

Q: Do you think that Custom Blended Soils wanted you to get hurt?

A: No.

Q: Would it be fair to say that they didn't do anything deliberately to cause your injury?

A: Can you say that again?

Q: Would it be fair to say that Custom Blended Soils didn't do anything deliberately to cause your injury?

A: Yeah.

Q: Would that be fair to say?

A: Yeah.

Q: Okay. Fair to say that they didn't do anything?

A: Did not. Right.

(Renforth Depo., p. 18.)

{¶16} Appellant stated more than once in his deposition testimony that he did not believe that CBS acted deliberately or intentionally tried to hurt him. We note, however, that Appellant was a minor. Thus, the weight to be given to his deposition testimony here is questionable, particularly since it is apparent he enjoyed working for this company. As such, he may have been more easily swayed to protect Appellees. We also note there are indications in the record that CBS and the Altieres were notified that there appears to be a prohibition against minors operating the log splitter. In addition to a telephone conversation, an email from Staff Right to CBS informing them that it was Staff Right's belief that minors were not to operate the log splitter came just days before Appellant's injury. Moreover, the record reveals that years earlier Staff Right had informed CBS that minors were forbidden by law from operating power equipment. While no direct law

Case No. 20 MA 0007

prohibiting such work has been cited by the parties and there is a dispute over the meaning of the word "operating," it is clear that CBS and the Altieres continued to have minors assist in operating the log splitter despite being informed that this might be prohibited. Looking at the record in the manner most favorable to Appellant, even though it is clear that CBS continued to disregard these warnings, which may be tantamount to negligence or even recklessness, it is insufficient as a matter of current law to support a claim of employer intentional tort. It is not enough to show that the employer was negligent, or even reckless. *Talik v. Fed. Marine Terminals, Inc.,* 117 Ohio St.3d 496, 2008-Ohio-937, 885 N.E.2d 204, ¶ 17. The employer's conduct must amount to a deliberate intent to injure. Even a failure to provide protective equipment, adequately train, or supervise, which run afoul of other regulatory laws, do not rise to the level of the deliberate intent required under R.C. 2745.01. *Delboccio v. Main Steel Polishing Co., Inc.,* 7th Dist. Mahoning No. 08 MA 37, 20209-Ohio-5912; see also *Breitenbach v. Double Z Constr. Co., LLC,* 2016-Ohio-1272, 63 N.E.3d 498 (5th Dist.)

**{¶17}** Appellant also alleged in his complaint that Appellees "intentionally and deliberately required [Appellant] to be placed in an unacceptably dangerous environment without the benefit of proper and expected safety equipment, protection, instruction, or training." (3/15/19 Complaint, ¶ 17.) Although not specifically referring to subsection (C), it would appear that Appellant is suggesting that this behavior amounts to a violation of subsection (C), which regards the removal of safety equipment or devices. According to CBS, the log splitter was not designed or manufactured with a safety guard or other safety device, as none was removed.

Case No. 20 MA 0007

**{¶18}** In its motion for summary judgment CBS cited to Appellant's deposition testimony wherein he testified the log-splitter had not been altered.

Q: Was there anything that you're aware of that was altered on the log splitter at any time that you were employed with Custom Soils?

A: I don't believe it was altered.

Q: Okay. So nothing was ever taken off of it?

A: I don't think so.

(Renforth Depo., p. 45.)

**{¶19}** Appellant's brief does not address any issues or cite to evidence regarding a safety device or any other physical feature of the log splitter that may have been altered by Appellees to invoke the presumption of liability pursuant to R.C. 2745.01(C). Appellant also did not dispute Appellees' assertion that Appellant himself did not believe the log splitter was altered by Appellees. The trial court concluded that although it was not clear whether Appellant was alleging a claim under subsection (C) for removal of a safety guard, Appellant had not presented any evidence that a safety guard was removed from the log splitter. (12/10/19 J.E.). Accordingly, Appellant cannot support a claim under R.C. 2745.01(C).

**{¶20}** While the record here raises serious questions about Appellees' behavior as regards this minor, the laws regarding employer intentional tort do not hold employers of minors to any higher standard than those who employ adults. And while an argument may be made that minors should be owed a higher duty, the laws regarding compensation

of injured workers and what behavior constitutes an intentional tort does not currently address any such duty. We must also note that, while allegations of violations of Ohio labor laws as they impact minors were mentioned, these were not directly addressed and do not appear to impact the issue of employer intentional tort. Therefore, based on this record and the law as it currently exists in Ohio, the trial court did not err in deciding that no genuine issue of material fact was raised and Appellees were entitled to judgment as a matter of law.

<u>Negligence and Negligence *Per Se*</u>

**{¶21}** Appellant also asserted claims of negligence and negligence *per se* in his complaint. However, Appellant did not address these claims in his motion in opposition to summary judgment and has assigned no error on appeal on these claims. To the extent these claims impact his intentional tort theories, will briefly address them.

**{¶22}** Pursuant to Ohio Workers' Compensation law codified in R.C. 4123 et seq., Ohio employers are immune from civil claims asserted under common law or statute including negligence and negligence *per se*. R.C. 4123.74. "The Ohio workers compensation system provides the exclusive remedy to employees injured in the course and scope of their employment." *Cheriki v. Black River Industries, Inc.,* 9th Dist. No. 07CA009230, 2008-Ohio-2602, ¶ 16. R.C. 4123.74 reads:

> Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition

occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.

**{¶23}** It is undisputed that Appellant received workers compensation benefits as a result of his injury. (Complaint, ¶ 13.) In its filing, the BWC sought judgment from Appellees for medical benefits and compensation paid to Appellant in the amount of $26,676.96 plus the estimated future costs of Appellant's claim. Although hired by Staff Right, CBS controlled the terms and conditions of Appellant's employment and is entitled to the immunity conferred by R.C. 4123.74. *Stone v. N. Star Steel Co.,* 152 Ohio App.3d 29, 2003-Ohio-1223, 786 N.E.2d 508, ¶ 23, citing *Daniels v. MacGregor Co.,* 2 Ohio St.2d 89, 206 N.E.2d 554 (1965).

**{¶24}** Therefore, Appellees are immune from claims of negligence and negligence *per se* pursuant to R.C. 4123.74. As earlier discussed, even though Appellant was a minor at the time of this incident, unless the facts clearly indicate a specific intent to cause harm, an intent that rises above negligence or even recklessness, an injured employee is limited to the recovery in the Act.

**{¶25}** As Appellant has failed to raise a genuine issue of material fact regarding employer intentional tort pursuant to R.C. 2745.01 as it is currently written and Appellees are immune from claims of negligence and negligence *per se* pursuant to R.C. 4123.74, Appellant's assignment of error is without merit and is overruled.

**{¶26}** Based on the foregoing, Appellant's assignment of error is without merit and the judgment of the trial court is affirmed.

Case No. 20 MA 0007

Donofrio, P.J., concurs.

Robb, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**